## Case No. 16,744.

### UNITED STATES v. WINTER.

### [13 Blatchf. 333.] [1]

Circuit Court, S. D. New York. April 29, 1876.

INDICTMENT—STEALING MONEY FROM LETTER.

An indictment, under section 5467 of the Revised Statutes, against an employee in a post office, for stealing money from a letter, did not aver that the letter was one intended to be conveyed by mail, or that it had been deposited in any post office, or in the charge of the defendant, or that it came into his possession in the regular course of his official duty. *Held*, that the indictment was bad.

[This was an indictment against D. K. Olney Winter for stealing money from a letter. A motion to quash was denied (Case No. 16,743), and defendant was convicted. He now moves in arrest of judgment.]

Benjamin B. Foster, Asst. U. S. Dist. Atty. Ambrose H. Purdy, for defendant.

BENEDICT, District Judge. The accused was indicted under section 5467 of the Revised Statutes. The indictment contains several counts, but all except the first were nol. prossed, on motion of the district attorney. Upon the first count a conviction was had and now the accused moves in arrest of judgment, upon the ground that the count upon which he was convicted charges no offence. The count avers, that the accused was clerk and assistant postmaster, and did steal and carry away from and out of a certain letter (describing it by its direction), which letter then and there came into his

possession, and had not then and there been delivered to the party to whom it was directed, an article of value (describing money). There is no averment that the letter from which the money was taken was a letter intended to be conveyed by mail, or that it had been deposited in any post office, or in the charge of the accused, or that it came into his possession in the regular course of his official duty. In order to sustain the indictment, it has, therefore, been argued, and necessarily, that the act of stealing money from out of a letter, whenever committed by a person employed in the postal service, is an offence against the United States, whether the letter be at the time in the charge of the United States or not. It is not to be denied, that the language of the clause in section 5467, upon which this indictment is framed, affords room for such an argument; for, while, in the first part of the section, where the offence of stealing a letter is created, the provision requires that the letter should be one intended to be conveyed by mail, or to be carried or delivered by some person employed in the postal service, or forwarded through or delivered from some post office, in the clause under consideration, the letter is described simply as a letter "which shall have come into his possession, either in the regular course of his official duties, or in any other manner whatever." But, it cannot be supposed that it was intended, by this clause, to protect the contents of any letters other than such as come within the jurisdiction of the United States, and for the safety of which the United States is responsible, by reason of a deposit thereof in some post office, or in charge of some person employed in the postal service; and this is indicated by the provision in this same clause, which excludes from the provision any letter after its delivery to the person to whom it is directed. No reason is suggested for this exception, if it was intended to protect all letters, whether in charge of the United States, or not. The clause must, therefore, be understood as if express reference had been made to the description given in the first part of the section, and as having application, therefore, only where the letter from which the money is abstracted was intended to be conveyed by mail, or to be carried or delivered by a mail carrier, or other person employed in some department of the postal service, or forwarded through, or delivered from, some post office. If this be the true construction to be placed upon the clause of the statute under which this indictment is framed, it is necessary to insert in the indictment an averment showing that the letter from which the money was taken was intended to be conveyed by mail, or carried or delivered by some employee of the postal service, or to be forwarded through, or delivered from, some post office. The first count of this indictment, upon which

alone a verdict was asked and taken, contains no such averment. For all that appears, the letter in question might have been a letter never sent, or intended to be conveyed, by mail, or in any other way placed in the charge of the post office department—picked up, it may be, in the street by the accused. This omission of a necessary ingredient of the offence is a fatal defect, and compels an arrest of the judgment.